On Motion for Rehearing,
PER CURIAM.
In motion for rehearing in this case counsel for the State of Louisiana, representing the Inheritance Tax Collector in and for West Carroll Parish, has been guilty of certain objectionable statements which, in our opinion, border so closely upon contempt that we cannot permit them to pass unnoticed.
In his motion counsel makes the following statements:
“This Honorable Court admits that a cattle venture was established between Sims and Brower, that Mr. Brower invested a ‘considerable sum’ of money in it, yet inconceivably disallows this item entirely, holding that it could ‘be speculated * * * that Brower and Sims actually lost money on the venture.’ We are at a loss to understand how such remote conjecture could possibly be arrived at, in view of the positive testimony of R. E. Brower, twice stated on cross-examination, to the effect that the original investment had been returned.”
******
“Yet in the instant case, this Honorable Court has completely disregarded the positive evidence of this witness— who was agent for all of the heirs— and substuted (sic) therefor the ‘speculation’ that Mr. Brower might have lost money on the cattle venture. We submit that this is a grossly erroneous conclusion, that it is unsupported by any evidence whatsoever, and that such conclusion disregards all rules of evidence, even conceding that the State has the burden of proof-in the matter.”
Counsel has been guilty of gross and gratuitous error in the above representations as to the holding of this court. Reference to the opinion of the court shows that, after discussing the evidence on the item in question the court set forth its conclusion in the following words:
“Nor is there any evidence which serves to justify a conclusion as to the existence of cash proceeds from the cattle deals as of the time of Brower’s death. The justification for any increase in the assets of the estate due to this item would of necessity rest upon pure speculation and it could as easily be speculated, and possibly with more reason, that Brower and Sims actually lost money on the venture. In any event, the vague and flimsy evidence adduced in support of respondent’s contention on this point is completely inadequate and we think this item was correctly disallowed.”
Even the most casual and cursory reading of the above extract from the court’s opinion conclusively establishes the fact that it was based upon a consideration of the testimony and not upon speculation. We further point out that the court did not “admit”, but rather found as a fact, that decedent Brower was engaged in some sort of cattle venture with one Sims, as was explicitly set forth in the opinion as follows:
“Apparently there was some joint venture between Brower and one H. S. Sims, and, unquestionably, Brower invested a considerable amount of money in the purchase of several hundred head of cattle. However, the testimony utterly fails to establish either the existence of the cattle or of any monetary proceeds from the venture as of the time of Brower’s death on June 9, 1928.”
*187 Further in motion for rehearing counsel declared:
“The $2,000.00 should plainly be included as an asset in Mr. Brower’s succession, since it was received just four days prior to death, unless this Honorable Court wants to indulge the absurd assumption that this payment was made by way of out of sate (sic) realty.”
The charges that this court has been guilty of “speculation” and “remote conjecture” ; that it might desire to “indulge the absurd assumption”, and that it has been guilty of disregarding “all rules of evidence,” constitute unwarranted, unjustified and completely erroneous reflections upon the integrity and dignity of the court. Such being the case, we find it necessary to formally reprimand counsel for his intemperate and discourteous representations.
The rehearing is denied.